### SCHAEFER v. CHANDOR, et ux.
No. 4976-E.

Circuit Court, Indian River County.

April 20, 1960.

Marshall O. Mitchell and John Charles Mitchell, both of Vero Beach, for plaintiff.

Cornelius T. Walker, Vero Beach, for defendants.

Charles A. Sullivan, Vero Beach, for respondent bank.

WALLACE SAMPLE, Circuit Judge.

*Order*: This cause is before the court on the defendants' objections, by special appearance only, to the writ of attachment issued herein.

The controversy of the main litigation stems from the execution and performance of a contract for the sale of a hotel property valued at $205,000. The contract is complete and rather comprehensive, except in one respect. The inventory of personal property, reference to which is made in the contract, was never attached to the contract — for what reason is not clearly shown.

In his complaint the plaintiff accuses the defendants of making off with items of personal property, valued at $6,500, which are alleged to be part of the subject of the sale. Plaintiff seeks to have the contract reformed by reducing the total consideration by the amount of $6,500, and judgment therefor with interest and costs.

The mortgage mentioned herein was a purchase money mortgage and fourth in priority; there being three other mortgages which are not involved in the suit. The plaintiff obtained the services of an attorney (not his attorney in this suit) to negotiate, by mail and long distance telephone conversation, with the defendants for the payment of the mortgage at a discount. Over the course of several weeks an agreement was reached and defendants delivered the mortgage, and other necessary papers to respondent bank with drafts attached. On the 19th day of February, 1960, at 2:30 P.M., the plaintiff filed the present action and the writ of attachment was issued. Plaintiff's attorneys of record then delivered the funds to the respondent bank, and a deputy sheriff served the writ at 4:55 P.M., the same date.

The writ is for $7,000. The funds were not immediately delivered to the sheriff but several days thereafter the bank delivered $7,000 to the sheriff and it still holds $250 ostensibly for its own protection. The balance of the funds delivered to the bank were forwarded to the defendants.

Strenuous attack has been made upon (a) the validity of the service of the writ by the sheriff's deputy, and (b) the use of

attachment under the circumstances leading up to the returning of defendants' assets into the jurisdiction of this court.

Both plaintiff and defendants were apparently prompted by similar desires — on the part of the plaintiff to pay off his indebtedness at discount, and on the part of the defendants to realize immediate cash on their mortgage security. The plaintiff's desire was double-barrelled in the respect that he not only wished to rid himself of the mortgage at discount but also tie up assets of the defendants, presently within his reach, until final determination of the main suit, to guarantee payment of judgment, if any rendered.

Equitable principles only are involved here. The plaintiff's claim is neither liquidated nor certain. There is no present "indebtedness" owing by defendants to plaintiff, and the relationship of "creditor-debtor" does not exist at this time, other than in the allegations of the complaint.

The provisional remedy of attachment is not a proper process for the enforcement of a purely equitable right, although there is some authority to the effect that a so-called "equitable attachment" is available in a proper case where the remedy at law is inadequate.

When the defendants caused the mortgage papers to be delivered to the bank they had every reason to believe they would receive their funds in full, less only the agreed discount and the usual bank charges. It would be most unreasonable to assume otherwise.

The defendants changed their position —

    (a)   by being induced to act, to their detriment;

    (b)   by representations of plaintiff's attorney who is not the attorney of record in this suit.

The plaintiff —

    (a)   had knowledge of all the actual facts;

    (b)   had expectation his conduct would be acted upon by the defendants, and

    (c)   failed to disclose material facts to the defendants and apparently to the attorney who negotiated the discount.

All the material elements of equitable estoppel have thus been brought into play.

Attachments obtained through trickery, or prearranged actions calculated and designed to catch another unaware and to his detriment, will not be permitted. To do so would open the floodgates to abuses by potential creditors over their potential debtors in those instances where their dealings, even though at arms length, result in dissatisfaction. The plaintiff could have protected himself in the beginning by a properly drafted and executed contract, at the closing of the transaction by a casual inspection of the premises, or by an action at law or in equity prior to his payment and satisfaction of the mortgage.

The remedy by way of attachment was improperly conceived and executed accordingly.

It is therefore ordered and decreed that the attachment of defendants' funds be, and the same is hereby, set aside, dissolved and held to be null and void, and the sheriff of Indian River County is hereby directed and ordered to immediately deliver funds now held by him in the amount of $7,000 to the defendants.

It is further ordered and decreed that Florida National Bank at Vero Beach is hereby directed and ordered to immediately deliver funds now held by it in the amount of $250 to the defendants.

It is further ordered and decreed that the petition of Florida National Bank at Vero Beach for the allowance of an attorney's fee is denied.